# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLOW JAMAINE CHAPMAN (#2012-0818163) Plaintiff, | ) ) ) ) | Case No: 14 C 50168 |
| v. | ) ) ) | Judge Frederick J. Kapala |
| WINNEBAGO COUNTY BOARD PRESIDENT, et al, Defendants. | ) ) ) ) | |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The Court authorizes and orders Vandalia Correctional Center officials to deduct $8.09 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust accounts at Vandalia Correctional Center. This case is dismissed for the reasons contained in this order. This case is closed. All pending motions are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

## STATEMENT

Plaintiff, who was in custody at Vandalia Correctional Center at the time he filed his complaint, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was held beyond his out-date while incarcerated at the Illinois Department of Corrections' Vienna Correctional Center. Plaintiff alleges that he was sentenced to a term of seven years in Winnebago County but should have been credited for time he spent in jail prior to his conviction, starting from when the warrant was issued against him. He alleges that he did not receive credit for the time served, and that, as a result, he was held beyond his out-date at Vienna Correctional Center, until the mistake in his sentence calculation was corrected. Plaintiff further alleges that he was in state custody at Sheridan Correctional Center when the warrant was issued in February of 2010 and he demanded a speedy trial on the charges that same month. Plaintiff sues the Winnebago County Board President John Doe, Winnebago County Sheriff Dick Myars (sic), and Winnebago County States Attorney Joseph Bruscato.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $8.09. The supervisor of inmate trust accounts at Vandalia Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:

Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

Under 28 U.S.C. § 1915A(a), the Court is required to screen pro se prisoners' Section 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff is suing three Winnebago County officials, claiming that an error in his sentence or sentence calculation required him to serve to much time in the Illinois Department of Corrections' Vienna Correctional Center. However, there is no allegation that any of these officials were responsible for holding Plaintiff in custody longer than was appropriate. Therefore, plaintiff fails to plausibly allege the personal involvement of the named Defendants. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Based on plaintiff's allegations it is unclear whether plaintiff served to much time as a result of a miscalculation of his out-date by IDOC officials or as a result of a judicial error. Of course, the judicial error would be barred by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978). To the extent Plaintiff is alleging that the error that kept him incarcerated beyond his out-date was in the calculation of his sentence by officials at Vienna Correctional Center, his claim belongs in the Southern District of Illinois. What is clear, however, is that he has named the wrong defendants.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

Date: 8/5/2014